**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
By: Aaron Van Nostrand (AV 0072)
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
Telephone: 973.424.2000
Attorneys for Plaintiff
Power Optech, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Power Optech, LLC, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| Andron Construction Corporation and Riverdale Country School, | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff Power Optech, LLC, by and through its attorneys, Duane Morris, LLP, as and for its Complaint, alleges as follows:

**PARTIES**

1. Power Optech, LLC ("Plaintiff" or "Power Optech") is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business at 387 7th Street, Jersey City, New Jersey 07302.

2. Andron Construction Corporation ("Defendant" or "Andron") is, upon information and belief, a corporation organized under the laws of the State of New York, with its principal place of business at 21 Anderson Lane, Goldens Bridge, New York 10526.

- 2 -

3. Riverdale Country School ("Defendant" or "Riverdale School") is, upon information and belief, a non-profit corporation organized under the laws of the State of New York with its principal place of business at 5250 Fieldston Rd., Bronx, New York 10471.

4. Andron and Riverdale School may be collectively referred to as "Defendants".

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000.00 and is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Plaintiff resides in and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

7. In early 2006 Defendant Andron undertook, as the prime contractor, a construction project to renovate, improve and add to the facilities of Defendant Riverdale School (the "Project").

8. In order to complete the Project, Defendant Andron hired a number of subcontractors to perform certain parts of the Project.

9. Plaintiff Power Optech is in the business of doing electric construction work by utilizing union labor.

10. Plaintiff Power Optech originally performed work on the Project for a subcontractor of Defendant Andron by the name of Ryan Electric Company, L.L.C. ("Ryan").

- 3 -

11. Ryan failed to pay Plaintiff Power Optech for labor and materials supplied to the Project, and Plaintiff notified Andron that it would no longer work on the Project.

12. On July 15, 2006, Mr. Joseph Santamaria ("Santamaria"), an employee of Plaintiff Power Optech and Misters Jeff Rosser ("Rosser") and Mark Wilson ("Wilson"), employees of Defendant Andron, met and discussed how electrical construction work would be completed at the site of Defendant Riverdale School.

13. Rosser and Wilson, on behalf of Defendant Andron, emphasized to Santamaria of Plaintiff Power Optech their need to complete the Project before the opening of the Riverdale School in the fall of 2005.

14. Defendant Andron, through its employees Rosser and Wilson, induced Santamaria of Plaintiff Power Optech to continue electrical construction work at the Project by representing and assuring Plaintiff Power Optech that such work would be done directly for Andron, and not Ryan, and that Defendant Andron would pay Power Optech for the labor and materials it would put into the Project.

15. Defendant Andron also assured Santamaria of Plaintiff that if Power Optech continued working on the Project that it, Andron, would make sure Power Optech received payment for the work previously done at the Project but which it had not received payment from Ryan.

16. Defendant Riverdale School knew, or should have known, that Plaintiff Power Optech was performing work at and putting electrical construction materials into its premises.

17. Plaintiff Power Optech made repeated demands upon Defendant Andron for payment of the $167,449.31 of labor and materials it provided to the Riverdale Project as a direct subcontractor to Defendant Andron ("Unpaid Amount"). See demand letter dated March 29, 2006, attached hereto at attachment A ("Attachment A").

18. To date Plaintiff has not received payment from Andron for the Unpaid Amount.

## FIRST COUNT

### (Breach of Contract Against Defendant Andron)

19. Power Optech incorporates paragraphs 1 through 18 as though fully set forth at length herein.

20. In July of 2005, Defendant Andron and Plaintiff Power Optech, acting through their duly authorized employees and agents, entered into a contract which provided that Power Optech would perform electrical construction work at the site of Defendant Riverdale School in exchange for which Defendant Andron would pay Power Optech therefore.

21. Plaintiff Power Optech performed the agreed upon construction work at the Riverdale School Project in a timely and acceptable manner.

22. In performing the agreed upon work, Plaintiff Power Optech incurred costs and expenses for labor and materials, all of which benefited Defendants Andron and Riverdale School.

23. Plaintiff Power Optech has paid all of its laborers and material suppliers.

24. Plaintiff Power Optech sent invoices and statements of account to Defendant Andron that set out the amount Defendant Andron owes Plaintiff Power Optech, copies of which are attached hereto as attachment B ("Attachment B").

25. Plaintiff Power Optech has made a final demand for payment upon Defendant Andron, per Attachment A hereto.

26. Defendant Andron has not paid Plaintiff Power Optech for the work Power Optech did on its behalf at the Project.

27. Plaintiff Power Optech has incurred damages as a result of Defendant Andron's breach of its contractual obligation to pay Power Optech for the work it did at the Riverdale School Project.

**WHEREFORE,** Power Optech prays for judgment as follows:

a. For damages against Defendant Andron under the contract and Invoices in the principal sum of one-hundred sixty seven thousand, four hundred forty nine dollars and thirty on cents ($167,449.31); and

b. For accrued and unpaid interest under the Invoices at the rate of 1.5% per month from the time of the breach; and

c. For costs of suit and attorneys fees incurred by Power Optech in the prosecution of this action and in enforcement of the judgment; and

d. For such other and further relief as the Court may deem just and proper.

## SECOND COUNT

**(Unjust Enrichment Against All Defendants)**

28. Power Optech incorporates paragraphs 1 through 27 as though fully set forth at length herein.

29. Defendant Andron in the July 15, 2005 meeting between Rosser and Wilson of Andron and Santamaria of Plaintiff Power Optech induced Power Optech to provide labor and materials to the Riverdale School Project.

30. Defendant Andron promised and assured Santamaria that Andron would pay Power Optech for performing electrical contracting work at the Riverdale School Project.

31. Power Optech, in reliance upon the representations and assurances of Andron, expended significant funds to have union labor perform work at the Project and to obtain the various types of construction materials necessary to perform the work requested by Defendant Andron.

32. Because of Andron's directive to complete the work before Defendant Riverdale School was scheduled to open in the fall of 2005, Power Optech incurred additional expenses, in the form of over-time pay for the union laborers, all with the knowledge, consent and insistence of Defendant Andron.

33. Power Optech provided the materials and work in an acceptable manner and within the time frame demanded by Defendants.

34. Upon information and belief, Defendant Andron has been paid for the Riverdale School Project by Defendant Riverdale School.

35. Upon information and belief, if Defendant Andron has not been paid by Defendant Riverdale School for the Project, then claims for payment have been or will be made and such will result in Andron receiving payment for the work and materials provided to the Project by Plaintiff Power Optech.

36. Payment to Defendant Andron, either previously or in the future, for the labor and materials supplied by Power Optech to the Project without making payment to Power Optech therefore constitutes Defendant Andron being unjustly enriched at the expense of Plaintiff Power Optech.

37. Defendant Riverdale School knew, or should have known, that Defendant Andron entered into a contractual arrangement with Plaintiff Power Optech whereby Power Optech supplied labor and materials to the Riverdale School Project, all of which are now integrated into and a part of the assets of Defendant Riverdale School.

38. Since Power Optech completed its work at the Project, Defendant Riverdale School has enjoyed and will continue to enjoy the benefit of the electrical construction work, e.g., wiring, lighting, etc., that Power Optech installed and fixed to the buildings of Defendant Riverdale School.

39. If Defendant Riverdale School has not paid Defendant Andron for the labor and materials provided by Plaintiff Power Optech, then its possession and enjoyment thereof constitutes it being unjustly enriched at Plaintiff Power Optech's expense.

**WHEREFORE,** Power Optech prays for judgment as follows:

a. For damages against Defendants Andron and Riverdale School, both jointly and severally, under the contract and Invoices in the principal sum of one-hundred sixty seven thousand, four hundred forty nine dollars and thirty on cents ($167,449.31); and

b. For accrued and unpaid interest under the Invoices at the rate of 1.5% per month from the time of the breach; and

c. For costs of suit and attorneys fees incurred by Power Optech in the prosecution of this action and in enforcement of the judgment; and

d. For such other and further relief as the Court may deem just and proper.

## THIRD COUNT

### (Fraud Against Defendant Andron)

40. Power Optech incorporates paragraphs 1 through 39 as though fully set forth at length herein.

41. Defendant Andron in the July 15, 2005 meeting between Rosser and Wilson of Andron and Santamaria of Plaintiff Power Optech induced promised and assured Power Optech that Andron would pay Power Optech for performing electrical contracting work at the Riverdale School Project.

42. Power Optech, in reliance upon the representations and assurances of Andron, entered into a contract with Andron which provided that Power Optech would perform electrical construction work at the site of Defendant Riverdale School in exchange for which Defendant Andron would pay Power Optech therefore.

43. Power Optech, in reliance upon the representations and assurances of Andron, expended significant funds to have union labor perform work at the Project and to obtain the various types of construction materials necessary to perform the work requested by Defendant Andron.

44. Despite the representations and assurances of Defendant Andron on July 15, 2005, Andron has not paid Plaintiff Power Optech for the work Power Optech did on its behalf at the Project.

45. Defendant Andron's false statements during the July 15, 2005 meeting with Plaintiff Power Optech were made solely to induce Power Optech to enter into a contract with Andron.

46. Defendant Andron's false statements during the July 15, 2005 meeting with Plaintiff Power Optech were improper, willful, intentionally done knowing harm would come to Power Optech, and malicious and constitutes a fraud upon Power Optech

47. Plaintiff Power Optech has incurred damages as a result of Defendant Andron's fraudulent statements.

**WHEREFORE,** Power Optech prays for judgment as follows:

a. For compensatory, consequential and punitive damages against Andron in an amount to be determined at trial; and

b. For costs of suit and attorneys fees incurred by Power Optech in the prosecution of this action and in enforcement of the judgment; and

c. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Power Optech demands a trial by jury on all issues.

                                            **DUANE MORRIS LLP**
                                            **A Delaware Limited Liability Partnership**

                                            s/ Aaron Van Nostrand
                                            Aaron Van Nostrand (AV 0072)
                                            744 Broad Street, Suite 1200
                                            Newark, NJ 07102-3889
                                            Telephone: 973.424.2000
                                            Facsimile: 973.424.2001
                                            Attorneys for Plaintiff
                                            Power Optech, LLC

Dated: May 22, 2007

- 10 -

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                                          s/ Aaron Van Nostrand _____
                                                                          Aaron Van Nostrand

Dated: May 22, 2007