Harold M. Pressberg, Esq. (HP8101)
Norton & Christensen
151 West Passaic Street
Rochelle Park, New Jersey 07662
Telephone: (201) 909-3735
Attorneys for Defendant
Andron Construction Corporation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

---------------------------------
Power Optech, LLC,                :
                                  :
            Plaintiff,            :     CIVIL ACTION NO.:
                                  :     07-CV-02409-JAG-MCA
      v.                          :
                                  :     **ANSWER**
Andron Construction Corporation   :
and Riverdale Country School,     :
                                  :
            Defendants.           :
---------------------------------

Defendant, Andron Construction Corporation, with its principal place of business at 21 Anderson Lane, Goldens Bridge, New York, by its attorneys, Norton & Christensen, as and for its answer states:

1. Admits the allegations stated and contained in paragraphs 2, 4, 8, 10, and 11 of said Complaint.

2. Denies the allegations stated or contained in paragraphs 6, 20, 27, 29, 30, 33, 34, 36, 39, 41, 42, 43, 45, 46, and 47 of said Complaint.

3. Denies knowledge or information sufficient to form a belief concerning the truth or falsity of the allegations stated or contained in paragraphs 1, 3, 9, 16, 23, 37, and 38 of said Complaint.

4. As for the allegations stated or contained in paragraph 5 of said Complaint, admits that the amount in controversy exceeds $75,000, but lacks knowledge or information sufficient to form a belief as to Plaintiff's citizenship.

5. Denies the allegations stated or contained in Paragraph 7 of the Complaint except admits that in early 2005, Defendant Andron undertook, as construction manager, a construction project to renovate, improve and add to the facilities of Defendant Riverdale Country School (the "Project").

6. As for paragraphs 12, 13, and 14 of said Complaint, admits that Rosser and Wilson met with Santamaria on July 15, 2005 ("the July 15 meeting"), but otherwise denies the allegations stated or contained therein.

7. As for paragraph 15 of said Complaint, admits a promise by Andron to pay Plaintiff for work performed by Plaintiff prior to the July 15 meeting as Ryan's subcontractor, which promise Andron fulfilled, but otherwise denies the allegations stated and contained therein.

8. As for paragraphs 17, 18, 24, 25, 26, and 44 of said Complaint, admits Plaintiff has demanded payment for certain work performed by Plaintiff as Ryan's subcontractor after the July 15 meeting, and that Andron has refused to pay for such work, but otherwise denies the allegations stated and contained therein.

9. As for paragraphs 21, 22, 31, and 32 of said Complaint, admits that Plaintiff performed certain work after the July 15 meeting as Ryan's subcontractor, but otherwise denies the allegations stated or contained therein.

10. As for paragraph 35 of said Complaint, admits Andron's intent that certain costs, subject to substantiation, for work performed by Power Optech as Ryan's subcontractor are included in a request to the Riverdale Country School for additional compensation, but otherwise denies the allegations stated and contained therein.

11. As and for its answer to paragraph 19, repeats and realleges its responses to paragraphs 1 through 18 of the complaint as though set forth at length herein.

12. As and for its answer to paragraph 28, repeats and realleges its responses to paragraphs 1 through 27 of the complaint as though set forth at length herein.

13. As and for its answer to paragraph 40, repeats and realleges its responses to paragraphs 1 through 39 of the complaint as though set forth at length herein.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant Andron.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Third Count fails to state a cause of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The rights alleged in the First Count are unenforceable on account of the Statute of Frauds, McKinney's (New York) General Obligation Law §5-701(a)(2).

WHEREFORE, Defendant Andron demands judgment dismissing the Complaint.

Dated: June 26, 2007

                        Norton & Christensen

                        By: /s/ Harold M. Pressberg
                            Harold M. Pressberg (HP8101)
                            Attorneys for Defendant
                            Andron Construction Corporation
                            151 West Passaic Street
                            Rochelle Park, New Jersey 07662
                            Telephone: (201) 909-3735
                            Facsimile: (201) 368-2101
                            email: hmpnc@frontiernet.net

To: Aaron Van Nostrand, Esq.
    Duane Morris, LLP
    Attorneys for Plaintiff
    744 Broad Street, Suite 1200
    Newark, New Jersey 07102-3889
    (973) 424-2000