Harold M. Pressberg, Esq. (HP8101)
Norton & Christensen
151 West Passaic Street
Rochelle Park, New Jersey 07662
Telephone: (201) 909-3735
Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

```
----------------------------------
Power Optech, LLC,                :
                                  :
          Plaintiff,              :      CIVIL ACTION NO.:
                                  :      02:07-cv-02409-JAG-MCA
     v.                           :
                                  :
Andron Construction Corporation   :
and Riverdale Country School,     :
                                  :
          Defendants.             :
----------------------------------
```

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO CHANGE VENUE**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 1

    POINT I:    SINCE THIS COURT LACKS PERSONAL
               JURISDICTION OVER DEFENDANT RIVERDALE,
               VENUE IN THIS COURT IS IMPROPER.
               PURSUANT TO 28 U.S.C. § 1406(A), VENUE
               SHOULD BE TRANSFERRED TO THE U.S.
               DISTRICT COURT OF THE SOUTHERN DISTRICT
               OF NEW YORK . . . . . . . . . . . . . . . . . . . 3

        SUBPOINT A:   NONE OF THE EVENTS OR OMISSIONS
                       GIVING RISE TO THE CLAIMS OCCURRED
                       IN THIS DISTRICT; VENUE IS NOT
                       PROPER UNDER 28 U.S.C. § 1391(A)(2) . . 3

        SUBPOINT B:   SINCE RIVERDALE IS NOT SUBJECT TO
                       PERSONAL JURISDICTION IN NEW JERSEY,
                       VENUE IS ALSO NOT PROPER UNDER
                       28 U.S.C. § 1391(A)(1) . . . . . . . . . 4

    POINT II: ALTERNATIVELY, THIS ACTION SHOULD BE
               TRANSFERRED TO THE SOUTHERN DISTRICT
               OF NEW YORK FOR THE CONVENIENCE OF
               PARTIES AND WITNESSES PURSUANT TO
               28 U.S.C. § 1404(A) . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

**CASES** **PAGE**

*Avdel Corp. v. Mecure*
58 N.J. 264, 268 (N.J. 1971) . . . . . . . . . . . . . . . . . . 4

*Gehling v. St. George's School of Medicine, Ltd.*
773 F.2d 539 (3rd Cir 1985) . . . . . . . . . . . . . . . . . . 6

*Helicopteros Nacionales De Colombia, S.A., v. Hall*
466 U.S. 408, 413-414 (1984) . . . . . . . . . . . . . . . . . 5

*Jumara v. State Farm Insurance Company*
55 F.3d 873 (1995) . . . . . . . . . . . . . . . . . . . . . . 8

*McTyre v. Broward General Medical Center*
749 F.Supp. 102, 104 (D.N.J. 1990) . . . . . . . . . . . . . 4, 6

*Provident Nat. Bank v. California Federal Sav.
& Loan Ass'n,* 819 F.2d 434, 437 (3rd Cir. 1987) . . . . . . . 5

*Severinsen v. Widener University*
338 N.J.Super. 42 (App.Div. 2001) . . . . . . . . . . . . . 6, 7

*Waste Management, Inc. v. Admiral Insurance Co.*
138 N.J. 106 (N.J. 1994) . . . . . . . . . . . . . . . . . . . 5

**STATUTES**

28 U.S.C. § 112(b) . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1391(a)(1) . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1391(a)(2) . . . . . . . . . . . . . . . . . . . 3, 4

28 U.S.C. § 1391(c) . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . 8, 9

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . 3, 7, 9

**RULES**

FRCP Rule 4(e)(1) . . . . . . . . . . . . . . . . . . . . . . 4

FRCP Rule 4(k)(1)(A) . . . . . . . . . . . . . . . . . . . . . 4

N.J.Sup.Ct.R. 4:4-4(b)(1) . . . . . . . . . . . . . . . . . . 4

Harold M. Pressberg, Esq. (HP8101)
Norton & Christensen
151 West Passaic Street
Rochelle Park, New Jersey 07662
Telephone: (201) 909-3735
Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| Power Optech, LLC, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO.: |
| : | 02:07-cv-02409-JAG-MCA |
| v. : | |
| : | |
| Andron Construction Corporation : | |
| and Riverdale Country School, : | |
| : | |
| Defendants. : | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO CHANGE VENUE**

**PRELIMINARY STATEMENT**

This Memorandum is submitted on behalf of Defendants, Andron Construction Corporation ("Andron Construction") and Riverdale Country School ("Riverdale") in support of their application to change venue to the United States District Court for the Southern District of New York.

**STATEMENT OF FACTS**

In this action, an electrical subcontractor, Plaintiff, Power Optech, LLC ("Power Optech"), seeks to recover for labor and material furnished in connection with a construction project to renovate the Riverdale County School, in Riverdale, the Bronx, New

York. Defendant Andron Construction was the prime Contractor; Defendant Riverdale was the owner.

The Complaint alleges diversity jurisdiction as the basis for subject matter jurisdiction. Complaint ¶ 5. As the basis for venue, Power Optech claimed that "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district." Complaint ¶ 6.

Defendant Riverdale is chartered under New York law, has its only place of business in the Bronx, New York, and is not authorized to conduct business in New Jersey. It does not advertise for New Jersey students. Its only contact with New Jersey is that representatives of the school attend one open-house per year in New Jersey. Its student body is made up of a very small percentage of New Jersey residents. (Schoonmaker Cert. ¶¶ 4-6.)

Andron Construction is also a New York corporation with its principal place of business in Goldens Bridge, Westchester County, New York. While authorized to conduct business in New Jersey, it has not done so for approximately 15 years. (Wilson Cert. ¶ 4.)

The actual construction work was performed at Riverdale's campus in the Bronx, New York. Power Optech ran this project out of its Long Island City, New York office. The meeting referenced

in Paragraphs 12 and 29 of the Complaint was held in the Bronx, New York. (Wilson Cert. ¶ 6(a).)

Material non-party witnesses such as Jeff Rosser, who was Andron's former Project Manager, and Joe Contantino, a former Andron superintendent, live in New York and work in either New York or Connecticut. (Wilson Cert. ¶ 8.) Defendant Riverdale's architect lives and works in New York. (Schoonmaker Cert. ¶ 7.) Power Optech's union employees worked out of a New York union local. (Wilson Cert. ¶ 6(a).) Defendants' other witnesses all live and work in New York. (Wilson Cert. ¶ 8; Schoonmaker Cert. ¶ 7.) The Defendants' project records are in New York. (Wilson Cert. ¶ 7; Schoonmaker Cert. ¶ 7.)

## POINT I

**SINCE THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT RIVERDALE, VENUE IN THIS COURT IS IMPROPER. PURSUANT TO 28 U.S.C. § 1406(A), VENUE SHOULD BE TRANSFERRED TO THE U.S. DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK**

### SUBPOINT A

**NONE OF THE EVENTS OR OMISSIONS GIVING RISE TO THE CLAIMS OCCURRED IN THIS DISTRICT; VENUE IS NOT PROPER UNDER 28 U.S.C. § 1391(A)(2)**

In Paragraph 6 of the Complaint, attempting to satisfy the requirements of 28 U.S.C. § 1391(a)(2), Power Optech alleges that venue is proper because Power Optech resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. However, none of the

-3-

events or omissions alleged in the Complaint occurred in New Jersey. The construction project was in New York. The meeting alleged in Paragraphs 12 and 29 of the Complaint occurred in New York. (Wilson Cert. ¶ 6(d).) Power Optech managed this project out of its New York office. (Wilson Cert. ¶ 6(c).)

Accordingly, venue is not proper under § 1391(a)(2).

### SUBPOINT B

### SINCE RIVERDALE IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW JERSEY, VENUE IS ALSO NOT PROPER UNDER 28 U.S.C. § 1391(A)(1)

Pursuant to 28 U.S.C. § 1391(a)(1), venue is proper in a judicial district in which a defendant resides if all defendants reside in the same state. Andron Construction resides in Westchester County and Riverdale resides in the Bronx; the U.S. District Court for the Southern District of New York is a proper venue. 28 U.S.C. § 112(b). A defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Since Riverdale is not subject to personal jurisdiction in New Jersey, venue is improper.

By virtue of FRCP Rule 4(e)(1) and (k)(1)(A), jurisdiction in this diversity case is governed by New Jersey's longarm statute, N.J.Sup.Ct.R. 4:4-4(b)(1), which provides for service to the outer limits of due process. *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (N.J. 1971); *McTyre v. Broward General Medical Center*, 749 F.Supp. 102, 104 (D.N.J. 1990).

-4-

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendants and the forum state to support jurisdiction. To meet this burden, since there is no allegation that the claims for relief arose from Defendants' activities within the forum state, plaintiff must establish that the defendants have continuous and systematic contacts with the forum state ("general jurisdiction"). *Provident Nat. Bank v. California Federal Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3rd Cir. 1987). This case does not involve specific or "arising out of" jurisdiction; none of Riverdale's or Andron Construction's acts or omissions alleged in the various Counts establish the minimal contacts with New Jersey sufficient to create personal jurisdiction. *Helicopteros Nacionales De Colombia, S.A., v. Hall*, 466 U.S. 408, 413-414 (1984); *Waste Management, Inc. v. Admiral Insurance Co.*, 138 N.J. 106 (N.J. 1994).

The only purported ground for jurisdiction is whether defendants' business activities are substantial enough to justify the exercise of jurisdiction with regard to a non-related cause of action.

Riverdale does not have sufficient continuous and systematic contacts in New Jersey to subject it to personal jurisdiction. It is not authorized to conduct business and does not conduct business in New Jersey. It has no agents or offices in

New Jersey. It owns no property in New Jersey. It does not advertise in New Jersey. Its only contact with New Jersey is that a small percentage of its students reside in New Jersey and school representatives attend one open house a year in New Jersey.

Andron Construction does not do business in New Jersey although it is qualified to do so.

As stated in *McTyre v. Broward General Medical Center,* 749 F.Supp. 102, 104 (D.N.J. 1990):

> "Under *International Shoe* and its progeny, due process requires that a non-resident defendant have 'certain minimum contacts such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.' *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Moreover, in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980), the Supreme Court held that the role of foreseeability is 'not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.' *Id.* at 295."

Riverdale has no contacts with New Jersey such that it should expect to be sued in this state.

The Third Circuit Court of Appeals in *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3rd Cir 1985) and the New Jersey Appellate Division in *Severinsen v. Widener University,* 338 N.J.Super. 42 (App.Div. 2001) have refused to find general jurisdiction against out of state schools on non forum related claims based upon the school's recruiting activities.

This very issue was decided in *Severinsen v. Widener University,* 338 N.J.Super. 42, 54 (App.Div. 2001), where, in an personal injury action by a student against an out of state college, the Appellative Division held that New Jersey courts would not assume personal jurisdiction over a college merely on the basis of recruitment activities in the state.

> "Although college recruitment activities certainly involve some elements of business activity, any impact on commerce in New Jersey is too remote to justify the exercise of general jurisdiction."

*Id*. at 54.

Riverdale's representatives annual attendance at an open house is not sufficiently continuous and systematic to justify dragging Riverdale in a New Jersey court. This Court lacks personal jurisdiction over Riverdale.

Since venue is improper, pursuant to 28 U.S.C. § 1406(a), this action should be transferred to the U.S. District Court for the Southern District of New York, the venue in which both defendants reside. (In the event this action were to be dismissed, Power Optech could merely commence it in that district.)

**POINT II**

**ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK FOR THE CONVENIENCE OF PARTIES AND WITNESSES PURSUANT TO 28 U.S.C. § 1404(a)**

The factors governing the transfer of an action pursuant to 28 U.S.C. § 1404(a) were stated in the Third Circuit's decision in *Jumara v. State Farm Insurance Company*, 55 F.3d 873 (1995) at 879-80. Of the factors listed, all support the transfer to the Southern District of New York except for the fact that the Power Optech is a New Jersey limited liability company which sued in New Jersey.

These factors are:

1. The project was performed solely in New York.

2. All of the witnesses are New York residents or work in New York. Even Power Optech's project personnel worked out of Power Optech's New York office.

3. Certain former employees of Defendant Andron are not subject to subpoena in New Jersey. Riverdale's architect is not subject to subpoena in New Jersey.

4. All of Defendants' records, and most likely Power Optech's, are located in New York.

5. In this diversity action, New York law will control.

6. Any judgment will have to be enforced in New York.

Other than the fact that Power Optech commenced this action in New Jersey and is a New Jersey limited liability company, this action has no relation to this district.

In the event this action is not transferred pursuant to 28 U.S.C. § 1406(a), it should be transferred pursuant to §1404(a).

## CONCLUSION

This action should be transferred to the United States District Court for the Southern District of New York.

Dated:  July 18, 2007

                Norton & Christensen


                By: /s/ Harold M. Pressberg
                    Harold M. Pressberg (HP8101)
                    Attorneys for Defendants
                    151 West Passaic Street
                    Rochelle Park, New Jersey 07662
                    Telephone:  (201) 909-3735
                    Facsimile:  (201) 368-2101
                    email:  hmpnc@frontiernet.net